■ MATE PICINIC, Appellant, v SEATRAIN LINES, INC., et al., Respondents.—Order, Supreme Court, New York County

(Stanley L. Sklar, J.), entered January 30, 1991, which denied plaintiff's motion for default judgment, and granted defendant's cross motion insofar as it sought dismissal of the action but denied it insofar as it sought sanctions, unanimously affirmed, with costs. Rules of the Chief Administrator of the Courts (22 NYCRR) part 130, sanctions of $5000, payable to the Clients' Security Fund within 30 days of this order, are hereby imposed upon plaintiff's attorney, Kenneth Heller, Esq., personally.

The action was properly dismissed on the ground of res judicata, it being identical to a prior action (169 AD2d 409, *lv denied* 78 NY2d 854, *cert denied* — US —, 112 S Ct 439) that was dismissed "with prejudice" because of plaintiff's failure to comply with court-ordered disclosure *(Barrett v Kasco Constr. Co.,* 56 NY2d 830, *affg* 84 AD2d 555; *Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737). We have reviewed plaintiff's other contentions and find them to be without merit.

After argument of the appeal, the parties' attorneys were notified that this Court was considering imposing sanctions on plaintiff's attorney for frivolous conduct in connection with plaintiff's appeal, and pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 130, given the opportunity to address that issue. Upon review of parties' submissions, we impose sanctions of $5000, payable to the Clients' Security Fund within 30 days of this order, upon plaintiff's attorney, Kenneth Heller, Esq., personally. In taking this appeal from the dismissal of an action identical to an earlier action the dismissal of which had been affirmed by this Court *(supra),* Mr. Heller engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (1) in that the appeal "is completely without merit in law or fact and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law." Such lack of merit should have been apparent to Mr. Heller, and his prolix submission in response to this Court's notice utterly fails to justify the appeal. The sum of $5000 in sanctions has been fixed in order to deter this and other attorneys from prosecuting frivolous, repetitive appeals involving identical claims. In order to assure payment of the sanction, neglect to comply with this order in timely fashion will be referred to the Departmental Disciplinary Committee for appropriate action. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.