■ LOUIS J. POSNER et al., Appellants, v CENTRAL SYNAGOGUE, Respondent. [609 NYS2d 195] —Order, Supreme Court, New York County (Burton Sherman, J.), entered October 15, 1993, which, *inter alia,* denied plaintiffs' motion pursuant to CPLR 325 (a) and (b) seeking to transfer their action from the New York City Civil Court to the New York State Supreme Court, and for leave to amend their complaint pursuant to CPLR 3025 (b), and which directed plaintiff *pro se* Louis J. Posner, as attorney for the plaintiffs, to pay $100 in motion costs to defendant's counsel, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in denying plaintiffs leave to amend their complaint—for the third time in the underlying action—to allege an additional cause of action for violation of the Human Rights Law (Executive Law § 296 [4]) based upon the defendant's alleged discrimination against the infant-plaintiff, Daniel, and in denying plaintiffs leave to increase the ad damnum clause from $23,675 to $4,776,156, so as to remove their pending breach of contract action from the New York City Civil Court to the New York State Supreme Court.

Although, as plaintiffs correctly note, CPLR 3025 (b) provides that leave to amend a complaint shall be freely granted, nevertheless, leave to amend should not be granted where, as here, the proposed amendment is plainly lacking in merit *(Wieder v Skala,* 168 AD2d 355, 356). In denying leave to amend plaintiffs' Civil Court complaint for breach of contract, the IAS Court properly determined, based upon the record and documentary evidence, that the proposed amendment, seeking to allege that the defendant, a tax-exempt, non-profit religious institution, had discriminated against three year old Daniel, a child with a disability, in violation of the New York Human Rights Law (Executive Law § 296 [4]) by allegedly expelling the child from the defendant's nursery school, was devoid of merit and patently insufficient on its face.

Plaintiff Posner's own letters and pleadings reveal that his son, Daniel, frequently ran out of the nursery school classroom for no apparent reason, that the defendant had a legitimate reason, implemented as a school policy, for the classroom door to remain open, and that plaintiff Posner himself

had voluntarily withdrawn Daniel from the nursery school, when the defendant refused to change its non-discriminatory policy.

Accordingly, plaintiff failed to establish any factual or legal basis for the proposed amended claim that the defendant had engaged in discriminatory conduct.

Nor did the IAS Court abuse its discretion in denying leave to amend the ad damnum clause of the Civil Court complaint to increase the compensatory and consequential damages alleged on behalf of Daniel with respect to the plaintiffs' existing causes of action for breach of contract and proposed new multi-million dollar claims for discrimination, and in thereby refusing to remove the underlying action from the Civil Court to the Supreme Court, where the plaintiffs failed to make any evidentiary showing that their damages were more than originally claimed or could not be adequately compensated within the Civil Court's monetary jurisdiction *(Matter of Schwartz v New York City Tr. Auth.,* 104 AD2d 370, *appeal dismissed* 63 NY2d 914).

Finally, the IAS Court properly imposed a monetary sanction of $100 in motion costs upon plaintiff Posner pursuant to 22 NYCRR part 130 since he abused his position and privileges as an attorney by instituting the underlying vexatious litigation seeking to recover a $1,775 membership fee, which he thereafter escalated into a $12,000,000 Federal action when the defendant, for legitimate reasons, refused to yield to his demands *(Picinic v Seatrain Lines,* 189 AD2d 622, *lv denied* 81 NY2d 709).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.