Order, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about December 21, 2011, which denied respondent father’s objections to an order, same court (Harold E. Bahr, S.M.), entered on or about October 7, 2011, denying his motion to vacate an order of child support, same court (Cheryl Joseph-Cherry, S.M.), entered on or about March 26, 2007, upon *440 the father’s purported default, unanimously affirmed, without costs.
The father’s almost 4V2-year delay in moving to vacate the order of child support, despite his awareness of all relevant facts surrounding the issue, was unreasonable (see Bank of N.Y. v Stradford, 55 AD3d 765, 765 [2d Dept 2008]). Moreover, the issues raised in the motion to vacate, including the assertion that the support order incorrectly stated that the father had defaulted, were raised in the father’s objections to the support order and addressed by the Family Court in its order denying the objections. The father abandoned his appeal from the Family Court’s order. A motion to vacate an order pursuant to CPLR 5015 cannot serve as a substitute for an appeal, or remedy an error of law that could have been addressed on a prior appeal (Pjetri v New York City Health & Hosps. Corp., 169 AD2d 100, 103-104 [1st Dept 1991], lv dismissed 79 NY2d 915 [1992]). Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.