■ In the Matter of CITIGROUP GLOBAL MARKETS, INC., et al., Respondents, v JOHN LEOPOLDO FIORILLA, Appellant. [4 NYS3d 528]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered May 12, 2014, granting the petition to vacate an arbitral award, and awarding respondent $800,000

in full and complete satisfaction of all claims made in the arbitration and any claims arising out of the same nucleus of fact as those brought in respondent's amended statement of claim in the arbitration, unanimously affirmed, without costs.

The motion court properly vacated the arbitration award based on a prior settlement agreement. The arbitrators manifestly disregarded the law by failing to enforce the settlement that respondent and petitioner Citigroup Global Markets, Inc. entered into on April 29, 2012. Notably, petitioners provided the relevant law regarding the enforcement of settlement agreements (*see Kowalchuk v Stroup*, 61 AD3d 118 [1st Dept 2009]) in their motions to enforce the agreement, but the arbitrators ignored the law and denied the motions without explanation (*see Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 481 [2006], *cert dismissed* 548 US 940 [2006]). "Although arbitrators have no obligation to explain their awards, when a reviewing court is inclined to hold that an arbitration panel manifestly disregarded the law, the failure of the arbitrators to explain the award can be taken into account" (*Matter of Spear, Leeds & Kellogg v Bullseye Sec.*, 291 AD2d 255, 256 [1st Dept 2002] [internal quotation marks omitted]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.