■ DLJ MORTGAGE CAPITAL, INC., Respondent, et al., Third-Party Intervenors-Plaintiffs, v THOMAS KONTOGIANNIS et al., Defendants/Respondents, and JEFFREY SIEGEL et al., Appellants, et al., Respondents. MASSOUD & PASHKOFF LLP, Nonparty Appellant. [10 NYS3d 76]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered November 7, December 3, December 10, and December 23, 2013 and January 10, February 4, and February 18, 2014, which, to the extent appealed from as limited by the briefs, denied the motion of respondents Jeffrey Siegel

and Richard Siegel (J&R Siegel) to vacate an April 2011 order of attachment in favor of plaintiff DLJ Mortgage Capital, Inc, granted DLJ priority in the assets at issue, ordered sanctions against J&R Siegel and their counsel, nonparty appellants Massoud & Pashkoff LLP, and consolidated J&R Siegel's Queens County actions into the instant action, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 14, 2014, which denied J&R Siegel's motion to vacate judgments entered on default on October 22, 2012 as modified on December 6, 2012 (the equitable judgments), directing that title to certain real property at issue be transferred to DLJ's judgment debtor, defendant The Axxion Group LLC, for DLJ's benefit, unanimously affirmed, with costs.

The court properly denied J&R Siegel's motion to vacate DLJ's April 2011 order of attachment. The propriety of the orders of attachment had been decided in connection with the court's July 27, 2012 order, which this Court affirmed (see *DLJ Mtge. Capital, Inc. v Kontogiannis*, 110 AD3d 522 [1st Dept 2013]). As to the remainder of this priority dispute not previously decided by the court's July 27, 2012 order, the record supports the court's determination that DLJ had priority in the remaining properties at issue. The court also properly consolidated proceedings brought by J&R Siegel in Queens County, concerning the same defendants and priority dispute, with the instant action.

The court's imposition of sanctions against J&R Siegel and their attorneys after a hearing was also supported by the record, and there is no basis for recusal or reassignment.

J&R Siegel failed to move to vacate the equitable judgments pursuant to CPLR 5015 (a) (3) within a reasonable time (see *Mark v Lenfest*, 80 AD3d 426 [1st Dept 2011]), and, in any event, the judgments were not procured by DLJ's fraud, misrepresentation, or other misconduct.

We have considered J&R Siegel's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.