■ In the Matter of CITIGROUP GLOBAL MARKETS, INC., et al., Respondents, v JOHN LEOPOLDO FIORILLA, Appellant. [54 NYS3d 586]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered November 14, 2016, November 25, 2016 and January 18, 2017, which denied respondent's motion to vacate a judgment, inter alia, vacating an arbitration award, and permanently enjoined respondent from enforcing the vacated award or opposing petitioners' efforts to appeal or vacate an order of a French court that recognized the vacated award, unanimously affirmed, with costs.

The judgment that respondent seeks to vacate, inter alia, vacated an arbitral award and was affirmed by this Court on the ground that the arbitrators manifestly disregarded the law in failing to enforce a prior settlement agreement between the parties (127 AD3d 491 [1st Dept 2015], *lv denied* 26 NY3d 908 [2015]).

The foregoing notwithstanding, and although this action has no connection to France, respondent commenced an ex parte proceeding in that country to enforce the vacated award, and, on or about March 30, 2016, without notification to petitioners, the French court recognized the vacated award under French law and issued writs for the seizure of property belonging to petitioner Citigroup Global Markets, Inc.'s overseas affiliates and counterparties. It is undisputed that respondent did not inform the French court that the award had been vacated by a New York court.

Respondent then moved Supreme Court to vacate the judgment. Petitioners moved to enjoin respondent from enforcing the vacated award and to direct him to release any seizure or hold on Citigroup's assets purporting to be premised on the award. The court issued a temporary restraining order, and this Court denied respondent's application to vacate it.

Respondent's main arguments in this appeal in support of vacating the judgment are the same as he made in the prior appeal. However, our resolution of the issues in the prior appeal is law of the case, and respondent may not relitigate those issues. To the extent he raises any new arguments in this appeal, it does not avail him, because he had a full and fair opportunity to raise them in the prior appeal, and he has made no showing of subsequent evidence or change of law (*see Delgado v City of New York*, 144 AD3d 46, 51 [1st Dept 2016]).

The court properly denied the motion to vacate the judgment pursuant to CPLR 5015 (a) as not brought within a reasonable time (*see DLJ Mtge. Capital, Inc. v Kontogiannis*, 128 AD3d 606 [1st Dept 2015], *lv dismissed in part, denied in part* 26 NY3d 1135 [2016]). Moreover, "[a] motion to vacate an order pursuant to CPLR 5015 cannot serve as a substitute for an appeal, or remedy an error of law that could have been addressed on a prior appeal" (*Matter of Angela P. v Floyd S.*, 103 AD3d 439, 440 [1st Dept 2013]). Even viewed as a motion to reargue, the motion was untimely (CPLR 2221 [d] [3]).

The court properly enjoined respondent from enforcing the vacated award, including in France, in the interests of protecting the New York judgment on the merits (*see Indosuez Intl. Fin. v National Reserve Bank*, 304 AD2d 429, 430-431 [1st Dept 2003]). The record demonstrates that respondent commenced the French proceeding in bad faith (*see Sebastian Holdings, Inc. v Deutsche Bank AG.*, 78 AD3d 446, 446-447 [1st Dept 2010]). The court properly declined to apply the doctrine of comity to the French court's recognition of the vacated award (*see Morgenthau v Avion Resources Ltd.*, 11 NY3d 383, 389-390 [2008]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias and Kahn, JJ.