Gerald P. Halpern, co-executor of The Estate of Fred Ziess and Mautner-Glick Corp., Petitioners-Landlords-Respondents, 
against
Mark Tunne, Respondent-Tenant-Appellant.



Tenant appeals from (1) an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), dated June 29, 2016, which denied his motion, pursuant to CPLR 5015(a), to vacate the final judgment of possession previously entered against him in a holdover summary proceeding and restore him to possession of the premises; (2) an order (same court and Judge), dated August 3, 2016, which denied his motion to reargue the aforesaid order; and (3) an order of the same court (Phyllis K. Saxe, J), entered October 26, 2015, after a hearing, which awarded petitioners attorneys' fees in the principal sum of $64,069.09.




Per Curiam.
Appeal from order (Phyllis K. Saxe, J), entered October 26, 2015, deemed an appeal from the ensuing judgment (same court and Judge), entered October 27, 2015, and so considered (see CPLR 5520[c]), judgment affirmed, without costs. Order (Jean T. Schneider, J.), dated June 29, 2016, affirmed, without costs. Appeal from order (Jean T. Schneider, J.), dated August 3, 2016, dismissed, without costs, as nonappealable.
Tenant's motion to vacate the prior adverse final judgment pursuant to CPLR 5015(a) was untimely, where the motion was made nearly seven years after the judgment was entered, three and one-half years after it was affirmed on direct appeal, and more than three years after tenant was evicted from the premises (see DLJ Mtge. Capital, Inc. v Kontogiannis, 128 AD3d 606 [2015], lv dismissed in part, denied in part 26 NY3d 1135 [2016]; Weinstock v Weinstock, 250 AD2d 671 [1998]). In any event, on the merits, tenant offered no newly discovered evidence that was in existence at the time of the original judgment (see Coastal Sheet Metal Corp. v RJR Mech. Inc., 85 AD3d 420, 421 [2011]), that would have probably resulted in a different outcome at trial (see Weinstock v Handler, 251 AD2d 184 [1998], lv dismissed 92 NY2d 946 [1998]). Nor did tenant's submission demonstrate that the final judgment was procured by fraud, misrepresentation or other misconduct (see Molina v Chladek, 140 AD3d 523 [2016]).
Tenant does not raise any substantive challenge to the amount of the attorney fee award. [*2]We note in any event that the trial court considered the relevant factors integral to fixing fees and we perceive no abuse of discretion in the court's determination (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24—25 [2009]; Matter of Connolly v Chenot, 293 AD2d 854, 855 [2002]).
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 05, 2017