Matter of Citigroup Global Mkts., Inc. v Fiorilla (2019 NY Slip Op 09107)





Matter of Citigroup Global Mkts., Inc. v Fiorilla


2019 NY Slip Op 09107


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Friedman, J.P., Webber, Gesmer, Kern, JJ.


10621 653017/13

[*1] In re Citigroup Global Markets, Inc., et al., Petitioners-Respondents,
v
John Leopold Fiorilla, etc., Respondent-Appellant.


Law Office of Bernard V. Kleinman, PLLC, Somers (Bernard V. Kleinman of counsel), for appellant.
Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Audra J. Soloway of counsel), for respondents.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 9, 2018, which granted petitioners' motion, pursuant to Section 130-1.1 of the Rules of the Chief Administrator of the Courts, for an order awarding them sanctions and attorneys' fees, and sanctioned respondent in the amount of $213,832.50 payable to petitioners, to be set off against the judgment (same court and Justice), entered May 12, 2014, against respondent and in favor of petitioners in the amount of $800,000, in addition to a sanction of $20,000 payable to the Lawyers's Fund for Client Protection, unanimously modified, on the law, the facts, and in the exercise of discretion, to delete the provision for payment of $20,000 in sanctions to the Lawyers' Fund for Client Protection, and substitute therefor a provision directing that a total of $20,000 be deposited with the Clerk of the Supreme Court, New York County, for transmittal to the State Commissioner of Taxation and Finance, and otherwise affirmed, without costs.
In 2010, Fiorilla commenced a FINRA arbitration against petitioners. In April 2012, with express authorization from Fiorilla, his attorney, Toskes, settled with petitioners in exchange for $800,000. The parties confirmed the settlement in writing with FINRA. Fiorilla changed his mind and directed Toskes to proceed to arbitration. Toskes refused and Fiorilla fired him. Successor counsel for Fiorilla persuaded FINRA that the parties had not settled.
Fiorilla filed a disciplinary complaint against Toskes with the Florida Bar, alleging that Toskes had lied about the FINRA settlement. The Florida Bar dismissed the complaint, finding, in effect, that Toskes had acted truthfully and ethically in settling the matter. Citigroup notified FINRA of the Florida Bar ruling, but FINRA still refused to enforce the settlement. The matter proceeded to arbitration, ending with an $11 million award in Fiorilla's favor.
Petitioners commenced a proceeding in Supreme Court, New York County, to vacate the arbitral award. In May 2014, Supreme Court, finding that Fiorilla had in fact settled his claim against petitioners for $800,000, rendered judgment vacating the award and awarding Fiorilla $800,000. In April 2015, this Court unanimously affirmed, finding that the arbitral panel had manifestly disregarded the law in failing to enforce the settlement. In so holding, this Court found unavailing Fiorilla's arguments that the arbitrators, and not the courts, were the sole adjudicators of whether the parties had settled, and that Citigroup's attorney had misled Supreme Court into thinking that a Florida court, rather than the Florida Bar, had found that the parties had settled the FINRA arbitration (see Matter of Citigroup Global Mkts., Inc. v Fiorilla, 127 AD3d 491 [1st Dept 2015], lv denied 26 NY3d 908 [2015] [Citigroup I]).
In blatant disregard of our ruling in Citigroup I, in March 2016, Fiorilla commenced an ex parte proceeding to enforce the award in France. Fiorilla did not inform the French Court that the New York courts had vacated the award, and did not notify petitioners of the French proceeding.
In September 2016, Fiorilla moved in Supreme Court, pursuant to CPLR 5015, to vacate the Citigroup I judgment. Fiorilla repeated his losing arguments from Citigroup I, that petitioners had misled Supreme Court to believe that a Florida court had upheld the settlement, and that the New York courts should not have overridden the arbitral panel's decision not to enforce the settlement. Citigroup opposed the application and moved to enjoin Fiorilla from seeking to enforce the award overseas.
Supreme Court denied Fiorilla's vacatur application as "frivolous," granted Citigroup's motion for an anti-suit injunction, and expressly "invite[d]" Citigroup to bring "a motion for sanctions." In June 2017, we unanimously affirmed, finding that Fiorilla's arguments were "the same as he made in" Citigroup I, which was "law of the case" (Matter of Citigroup Global Mkts., Inc. v Fiorilla, 151 AD3d 665, 666 [1st Dept 2017], lv dismissed 30 NY3d 986 [2017] [Citigroup II). We likewise upheld the anti-suit injunction, finding that Fiorilla had "commenced the French proceeding in bad faith," and that the "French court's recognition of the vacated [arbitral] award" was not itself entitled to recognition under the doctrine of comity (id.).
Fiorilla went on, unsuccessfully, to seek to vacate the judgment in the Federal courts, which held that they lacked subject matter jurisdiction to review the New York orders (see Fiorilla v Citigroup Global Mkts., Inc., 771 Fed Appx 114 [2d Cir 2019]).
Finally, in August 2017, petitioners took up Supreme Court's invitation and moved pursuant to Rule 130-1.1 for an order awarding them attorneys' fees and sanctions. Supreme Court providently exercised its discretion in granting the application (see Murray v National Broadcasting Co., 217 AD2d 651, 653 [2d Dept 1995]; Picinic v Seatrain Lines, 189 AD2d 622, 623 [1st Dept 1993], lv denied 81 NY2d 709 [1993]). The arguments that Fiorilla raised in Citigroup II in moving to vacate the Citigroup I judgment were a mere rehash of the arguments he had raised in Citigroup I. Nor did Fiorilla explain why he waited so long — until September 2016, 17 months after this Court's affirmance in Citigroup I — to seek to vacate the judgment.
Fiorilla contends that Supreme Court's signing of the order to show cause by which he made the Citigroup II vacatur application signifies Supreme Court's assessment that the application was not utterly meritless, and therefore not frivolous. This contention is unavailing. Assuming that Supreme Court subjected the order to show cause application to at least a minimal quantum of scrutiny sufficient to ensure that it could grant the relief sought (see Mallory v Mallory, 113 Misc 2d 912, 913-914 [Sup Ct, Nassau County 1982]), Supreme Court's signing of the order did not connote any approval of the substance of the motion (see Bush v 280 Park Ave. S. Assocs., 2003 NY Slip Op 50758[U], at 2 [App Term 2d Dept 2003]). Instead, the most that can be said on the existing paper record is that the signing of the order to show cause signified the court's agreement that, if everything in the papers were accurate, it would be possible to grant Fiorilla the relief he sought. Indeed, the frivolousness of the papers is not apparent on their face. To the contrary, their frivolousness becomes evident only when taken in context, and only with a knowledge of the history of the parties' dispute. Such a determination, particularly in this procedurally complex dispute, would require a level of merits scrutiny that is not warranted on an application for an order to show cause, which, in the end, "is simply a substitute for a notice of motion as a device for bringing on a special proceeding" (Matter of Allison v New York State Dept. of Correctional Servs., 73 AD2d 824, 824 [4th Dept 1979]).
As to Fiorilla's initiation of proceedings to enforce the vacated arbitral award in France, we have already expressly held that Fiorilla "commenced the French [enforcement] proceeding in bad faith" (Citigroup II, 151 AD3d at 666), thereby warranting imposition of sanctions (see 22 NYCRR § 130-1.1[c] [2]).
Fiorilla asserts that petitioners could have, and thus should have, made their application for attorneys' fees incurred in the French proceedings to the French Court itself. This assertion is unpersuasive. In the first place, Fiorilla continues to maintain that he had a right under French law to seek enforcement of the arbitral award in France, notwithstanding the fact that the New York courts had vacated the award. Since Fiorilla continues to insist that the French proceeding was perfectly proper under French law, he cannot also maintain that the French Court would have found Fiorilla's commencement of the proceeding to be frivolous. In any event, the courts of this State have the power to protect the integrity of their pronouncements, including by sanctioning [*2]parties under their personal jurisdiction for initiation of foreign proceedings for the sole purpose of flouting their judgments.
As noted, Supreme Court imposed sanctions of $20,000 on Fiorella, and directed him to pay them to the Lawyers' Fund. We modify to delete the provision for payment to the Lawyers' Fund and substitute therefor a provision directing that the $20,000 be deposited with the Clerk of the Supreme Court, New York County, for transmittal to the State Commissioner of Taxation and Finance" (Martinez v New York City Tr. Auth., 218 AD2d 643, 643 [2d Dept 1995]; see 22 NYCRR § 130-1.3).
We note that Supreme Court's award of $20,000 in sanctions exceeds the $10,000 maximum "for any single occurrence of frivolous conduct" (22 NYCRR § 130-1.2). On our independent review of the record, we find that an award of sanctions of $10,000 is appropriate for each of the two discrete instances of frivolous conduct presented; that is, for the Citigroup II application and the French enforcement proceedings. With that finding, we exercise our discretion to modify the award to an aggregate total of $20,000 (see David Z. Inc. v Timur on 5th Ave., 7 AD3d 257, 257-258 [1st Dept 2004]).
Supreme Court providently exercised its discretion in awarding attorney's fees, as well as in setting the amount awarded (see Matter of Aronesty v Aronesty, 202 AD2d 240, 240 [1st Dept 1994]). Fiorilla's contention that the attorneys' fee award was not supported by sufficient evidence is unavailing in light of his agreement before Supreme Court to forego an evidentiary hearing, and to have the court decide the matter based on the existing paper record because there were no disputed issues of fact (see Terrastone Audubon, L.P. v Blair Ventures, LLC, 160 AD3d 526, 527 [1st Dept 2018]). It is submitted that there is no basis for disturbing the court's exercise of discretion in awarding the attorneys' fees sought (see Old Paris v G.E.B.M. Intl., 170 AD2d 392, 393 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK