Kowal v JackFromBrooklyn Inc. (2020 NY Slip Op 02715)





Kowal v JackFromBrooklyn Inc.


2020 NY Slip Op 02715


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11476 156412/15

[*1] Jaime Kowal, et al., Plaintiffs-Appellants,
v
JackFromBrooklyn Incorporated, etc., Defendant, Erech Swanston also known as Jackie Summers, etc., Defendant-Respondent.


The Law Office of Justine T. Rousseau, Brooklyn (Justine T. Rousseau of counsel), for appellant.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about December 14, 2018, which granted the motion of defendant Erech Swanston to vacate the default judgment previously entered against him, unanimously reversed, on the law and the facts, with costs, and the motion denied.
The motion court thought that Swanston's excuses might not be valid but that they were "plausible." However, plausibility is not the standard; rather, on a CPLR 5015(a)(1) motion, the movant must show a reasonable excuse for his default (see e.g. Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). Swanston's one-sided understanding that plaintiffs would refrain from prosecuting their lawsuit while defendant JackFromBrooklyn Inc. (JFB) negotiated to sell itself did not constitute a reasonable excuse for failing to answer (see e.g. Sunrise Capital Partners Mgt. LLC v Glattstein, 115 AD3d 602 [1st Dept 2014]).
Given the absence of a reasonable excuse, we "need not determine whether a meritorious defense exists" (id.). In any event, Swanston failed to show that he did not "exercise[] complete domination and control over" JFB (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776 [2011]) — in fact, he did not deny this — or that he did not "abuse[] the privilege of doing business in the corporate form to perpetrate a wrong or injustice" (id. [internal quotation marks omitted]). Swanston justified only the use of JFB's corporate credit cards for restaurant tabs; he did not address the use of the corporation's funds for other personal expenses such as payments to his girlfriend, pet supplies, groceries, clothes, video on demand, and sound therapy.
The IAS court did not grant the branch of Swanston's motion that was pursuant to CPLR 5015(a)(3). In any event, Swanston failed to show that plaintiffs obtained the default judgment through fraud, misrepresentation, or other misconduct (see generally Greenwich Sav. Bank v JAJ Carpet Mart, 126 AD2d 451, 453 [1st Dept 1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK