U.S. Bank, N.A. v Sartini (2020 NY Slip Op 04510)





U.S. Bank, N.A. v Sartini


2020 NY Slip Op 04510


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-03027
 (Index No. 63475/14)

[*1]U.S. Bank, National Association, respondent,
v
Robin Sartini, et al., appellants, et al., defendants.


David A. Bythewood, Mineola, NY, for appellants.
Sandelands Eyet, LLP, New York, NY (Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Robin Sartini and Michelle Sartini appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 3, 2018. The order denied those defendants' motion pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court dated March 9, 2017.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, Robin Sartini and Michelle Sartini (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property in Suffolk County. In 2015, the plaintiff moved, inter alia, for summary judgment and an order of reference. The defendants opposed that motion. In an order dated August 25, 2016, the Supreme Court granted the plaintiff's motion.
Thereafter, the plaintiff moved for a judgment of foreclosure and sale. The Supreme Court granted the motion in an order dated March 9, 2017, and issued a judgment of foreclosure and sale on the same date.
The defendants subsequently moved pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale, primarily contending that the plaintiff made certain misrepresentations in connection with documents submitted on its motions for summary judgment and for a judgment of foreclosure and sale. The defendants claimed, inter alia, that those documents were not properly acknowledged, and that this purported defect constituted a "misrepresentation" by the plaintiff. The Supreme Court denied the motion, and the defendants appeal.
CPLR 5015(a)(3) provides, in relevant part, that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of: . . . 3. fraud, misrepresentation, or other misconduct of an adverse party."
A " motion to vacate an order pursuant to CPLR 5015 cannot serve as a substitute for an appeal, or [to] remedy an error of law that could have been addressed on a prior appeal'" [*2](Matter of Citigroup Global Mkts., Inc. v Fiorilla, 151 AD3d 665, 666, quoting Matter of Angela P. v Floyd S., 103 AD3d 439, 440; see HSBC Bank USA, N.A. v Estick, 178 AD3d 783). Here, the defendants could have raised the contentions they advanced on their CPLR 5015(a)(3) motion on a direct appeal from the judgment of foreclosure and sale, which would have brought up for review the order granting the plaintiff's motion, inter alia, for summary judgment and an order of reference. The defendants' current arguments were not properly asserted on a motion pursuant to CPLR 5015(a)(3) (see HSBC Bank USA, N.A. v Estick, 178 AD3d 783; Matter of Citigroup Global Mkts., Inc. v Fiorilla, 151 AD3d at 666). In any event, the defendants' contention that the judgment of foreclosure and sale was the product of "misrepresentation" within the meaning of CPLR 5015(a)(3) is patently without merit.
The defendants' remaining contentions are either not properly before this Court or without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale.
MASTRO, J.P., DILLON, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court