| **Stephens v City of New York** |
|:---:|
| 2023 NY Slip Op 34561(U) |
| December 19, 2023 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 29393/2019E |
| Judge: Mitchell J. Danziger |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, IAS PART 3/33

---------------------------------------------------------------------X

WILLIAM STEPHENS,

                      -against-

CITY OF NEW YORK, et. al.,

---------------------------------------------------------------------X

Index № 29393/2019E

Hon.   Mitchell J. Danziger

Justice Supreme Court

The following papers were read on this motion (Seq. No. 2) for dismissal/summary judgment noticed for July 28, 2023 and submitted on September 27, 2023

| Notice of Motion - Affirmation and Exhibits, Memo of Law | NYSCEF Doc. # 34-43 |
| Notice of Cross-Motion, Affirmations in Opposition and Support and Exhibits | NYSCEF Doc. # 46-55 |
| Affirmation in Opposition to Cross-Motion | NYSCEF Doc. # 56 |

Motion by defendants, the City of New York, the City of New York s/h/a New York City Police Department, and Police Officer Wayne Darden ("Darden") (collectively "City"), for an order pursuant to CPLR §§3211 and 3212, dismissing and/or granting summary judgment as to plaintiff's claims for: 1) assault and battery; 2) pursuant to 42 U.S.C. §1983; 3) negligent hiring, training, retention and supervision; 4) as against NYPD; 5) pursuant to CPLR §§3125(c), 1024, and 306(b) dismissing plaintiff's complaint as to the John/Jane Doe defendants; and 6) tolling defendants time to file a further motion for summary judgment pending receipt of deposition transcripts of non-party Police Officer Angel Andujar and defendant, Darden and cross-motion by plaintiff for an order pursuant to CPLR §3215(b) for leave to file and serve a Supplemental Summons and Verified Complaint as against Police Officer Angel Andujar, are decided as follows:

This is an action for the alleged violation of plaintiff's civil rights and personal injuries sustained on August 20, 2018, for an incident that took place in the vicinity of 2560 Bruckner Boulevard, Bronx, New York. Plaintiff was allegedly in a motor vehicle accident with a member of the New York City Police Department ("NYPD").

As an initial matter, plaintiff solely opposes the portion of the City's motion seeking dismissal and summary judgment as against the John/Jane Doe defendants. As such, the portion of the City's motion seeking dismissal or summary judgment as to plaintiff's claims for: 1) assault and battery; 2) pursuant to 42 U.S.C. §1983; 3) negligent hiring, training, retention, and supervision; and 4) as against NYPD, is granted without opposition. In addition, plaintiff does not oppose the portion of the City's motion seeking to toll the defendants' time to file a further motion for summary judgment upon receipt of the deposition transcripts of non-party Angel Andujar and defendant, Darden. As such, the City has 30 days from the receipt of defendant, Darden's

1

[* 1]

transcript to make a motion for summary judgment that does not violate the successive motion rule.[1] Lastly, plaintiff solely opposes the portion of the City's motion seeking to dismiss the John/Jane Doe defendants, in that plaintiff seeks to amend the complaint to add Angel Andujar as a direct defendant. All other John/Jane Doe defendants are dismissed from the matter.

The Court will now turn to the portion of the City's motion seeking to dismiss the "John Doe defendant" and plaintiff's cross-motion to amend his pleadings to add Angel Andujar to the matter. The City submits that plaintiff commenced this action on August 12, 2019, and failed to seek a default against any John Doe defendant. In addition, plaintiff failed to describe any individual defendant such that they would know they were meant to be a John Doe defendant. Lastly, plaintiff did not effectuate service on the John Doe defendant within 120 days after commencement of the within action. Plaintiff avers that he clearly identified Police Officer Angel Andujar as the front seat passenger in his complaint. Additionally, there were delays in discovery by the defendants which prevented P.O. Andujar from being identified. Plaintiff indicates that A. Andujar was identified in the City's response to the Case Scheduling order dated March 4, 2021, however, plaintiff denies having received the same. Plaintiff filed a motion to strike the City's answer on October 7, 2022, for the deposition of the City witness. On or about February 15, 2023, Police Officer Andujar was produced for a deposition. Further, the relation back doctrine applies here.

Plaintiff's statute of limitations on his state law claims expired on November 18, 2019, and the statute of limitations on his federal claims expired on August 20, 2021. A review of plaintiff's complaint reveals that plaintiff only alleges that the John Doe defendant was the operator of the subject vehicle. Plaintiff does not describe the John Doe defendant as the passenger of the vehicle.

Pursuant to CPLR §3025(b), a party may amend his pleadings, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all the parties. Leave to amend shall be freely given "absent prejudice or surprise resulting from the delay." (*McCaskey, Davies and Assoc., Inc. v. New York City Health and Hosps. Corp.,* 59 N.Y.2d 757 [1983]). Leave to amend should not be granted where the proposed amendment is plainly lacking in merit. (*Posner v. Central Synagogue*, 202 A.D.2d 284 [1st Dept. 1994]). Where a party seeks to amend its pleadings following a period of extensive delay, the party seeking leave to amend must set forth an explanation for their failure to do so in a timely manner. (*Heller v. Louis Provenzano, Inc.,* 303 A.D.2d 20 [1st Dept. 2003]).

A plaintiff must make "genuine efforts to ascertain the defendants' identities prior to the running of the Statute of Limitations." (*Tucker v. Loreoi*, 291 A.D.2d 261[1st Dept., 2002]). Indeed, due diligence has been established where a plaintiff demonstrates that he or she engaged in pre-action discovery and did more than serve one discovery demand. (see generally: *Henderson-Jones v. City of New York*, 87 A.D.3d 498 [1st Dept.

---

[1] The City acknowledges that they are in receipt of Angel Andujar's transcript which was annexed to plaintiff's cross-motion.

2

2011]; Tucker *v. Lorieo*, 291 A.D.2d 261 [1st Dept. 2002]; *Temple v. New York Community Hosp. of Brooklyn*, 89 A.D. 3d 926 [2d Dept. 2011], *Holmes v. City of new York*, 132 A.D. 3d 952 [2d Dept. 2015]).

Plaintiff submits that he made diligent efforts prior to the expiration of the statute of limitations. However, plaintiff had the last name and Tax ID number of Angel Andujar prior to the commencement of this action by way of the tickets he issued at the scene of the accident. Plaintiff does not detail that he conducted a FOIL request of the NYPD regarding the incident or that he moved for pre-action discovery for the names of the officers prior to the expiration of the statute. Further, plaintiff made a motion to strike the City's answer for the first time after the statute of limitations had expired for both plaintiff's state and federal claims. As a result, plaintiff's motion to amend his pleadings pursuant to CPLR §1024 to add the Angel Andujar is denied.

Alternatively, plaintiff argues that the new party defendants should be added pursuant to the relation back doctrine and CPLR §3025. In order for the relation back doctrine set forth by CPLR §203(f) to apply, plaintiff must establish that, "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship, can be charged with such notice of the institution of the action and will not be prejudiced in maintaining his or her defense on the merits by virtue of the delayed assertion of those claims against him or her, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been timely commenced against the new party" (*Buran v. Coupal*, 87 N.Y. 2d 173 [1995]). Moreover, failing to demonstrate the "excusability" of plaintiff's failure to name the proper parties does not automatically result in the relation back doctrine being precluded (*Id.*).

Initially, the Court finds that the claims against the individual officers arise out of the same conduct set forth against the City and the named officers in the original complaint. Therefore, the first prong of the relation back doctrine has been satisfied. However, the second prong of "unity of interest" has not been established.

> "The requirement of unity of interest is 'more than a notice provision.' The test is whether, 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other.' Thus, unity of interest will not be found unless there is some relationship between the parties giving rise to the vicarious liability of one for the conduct of the other. Unity of interest fails if there is a possibility that the new defendants may have a defense unavailable to the original defendants. (*Higgins v City of New York*, 144 AD3d 511, 513 [1st Dept. 2016][internal citations omitted]).

Since it is well-settled that the City cannot be held vicariously liable for its employees' violations of 42 U.S.C. 1983 (*Higgins* at 513), plaintiff cannot establish that the proposed individual officer is united in interest with the City. Moreover, unity of interest between the officer and the City is a factual determination because of GML §50-k(3), which allows the City to disassociate itself from its employee's behavior. (*Ragland v. City of New York*, 45 Misc. 3d 12318(A) at 17-18, Sup Ct Bronx County, 2014). Further, the determination as to whether the officer is entitled to indemnification need not be made until a judgment is entered or settlement is reached.

3

(*Bolusi v. City of New York*, 249 A.D.2d 134 [1ˢᵗ Dept. 1998]). As such, there is no unity of interest between the City and the officers.

Accordingly, the City's motion is granted and the plaintiff's cross-motion to amend his pleadings to add Angel Andujar is denied. Plaintiff's cause of action for negligence remains. The City is directed to serve a copy of this order with Notice of Entry on plaintiff within 30 days.

Dated: ___12/19/23___

Hon._____

**Mitchell J. Danziger, J.S.C.**

1. CHECK ONE.................................... ☐ CASE DISPOSED IN ITS ENTIRETY    X CASE STILL ACTIVE

2. MOTION IS..................................... X GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER

3. CHECK IF APPROPRIATE..................... ☐ SETTLE ORDER    ☐ SUBMIT ORDER    ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT    ☐ REFEREE APPOINTMENT

4

[* 4]