## Essex Cement Co., LLC v X-Treme Ready Mix, Inc.

2024 NY Slip Op 31858(U)

May 24, 2024

Supreme Court, New York County

Docket Number: Index No. 655507/2018

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------X

ESSEX CEMENT COMPANY, LLC,

Plaintiff,

- v -

X-TREME READY MIX, INC.,MICHAEL FALCO

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655507/2018 |
| **MOTION DATE** | 02/13/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98

were read on this motion to/for      VACATE - DECISION/ORDER/JUDGMENT/AWARD     .

Upon the foregoing documents and for the reasons stated on the record (*tr*. 5.24.24), the defendant Michael Falco (**Mr. Falco**)'s motion pursuant to CPLR 5015(a)(3) to vacate this Court's Prior Decision (hereinafter defined) and the Judgment (hereinafter defined) entered against him is denied. Simply put, among other things, Mr. Falco fails to point to any fraud, misrepresentation, or other misconduct on behalf of the Plaintiff, fails to make any showing that this Court relied on any such misconduct in making its Prior Decision, and because the motion is untimely.

By Decision and Order dated March 11, 2020, this Court granted the plaintiff (**Plaintiff** or **Essex**) summary judgment on its first, second, and fourth causes of action (the **Prior Decision**; NYSCEF Doc. No. 44). Indeed, as confirmed at oral argument (*tr*. 3.10.20; NYSCEF Doc. No. 67), the defendant X-Treme Ready Mix, Inc. (**X-Treme**) conceded liability on the Plaintiff's first and second causes of action for account stated and breach of contract, and contested only the

**655507/2018 ESSEX CEMENT COMPANY, LLC vs. X-TREME READY MIX, INC.**
**Motion No. 005**

**Page 1 of 5**

fourth cause of action alleging Mr. Falco's personal liability pursuant to an alleged breach of an Original Guaranty (hereinafter defined). Mr. Falco contested his personal liability on the bases that (i) his signature on a certain Continuing Guaranty (the **Continuing Guaranty**; NYSCEF Doc. No. 17, Exh. 3) was forged, and (ii) the Original Guaranty (the **Original Guaranty**; NYSCEF Doc. No. 17, Exh. 1) was revoked by X-Treme. This Court granted summary judgment, finding no issue of fact existed as to Mr. Falco's personal liability because, whether or not Mr. Falco's signature on the Continuing Guaranty was forged such that it was ineffective, Mr. Falco was nevertheless personally liable on the Original Guaranty because the Original Guaranty had never been terminated according to its terms and thus was still in full force and effect and the language of the Original Guaranty is clear that Mr. Falco signed it and guaranteed it personally (which Mr. Falco never before has disputed). This holding *was unanimously affirmed by the Appellate Division* (*Essex Cement Co., LLC v X-Treme Ready Mix, Inc.*, 193 AD3d 502 [1st Dept 2021])—facts which Mr. Falco appears to fail to mention in either his moving or reply papers (NYSCEF Doc. Nos. 86, 98). Judgment was entered against Mr. Falco on March 19, 2020 (the **Judgment**; NYSCEF Doc. No. 51).

Mr. Falco now moves to vacate the Prior Decision and the Judgment pursuant to CPLR 5015(a)(3), which provides that a Court may vacate a prior judgment or order upon the ground of "fraud, misrepresentation, or other misconduct by an adverse party."

Mr. Falco's motion fails for any number of reasons. First, and most fundamentally, Mr. Falco simply fails to point to any fraud, misrepresentation, or misconduct by Essex or its counsel. At

**655507/2018   ESSEX CEMENT COMPANY, LLC vs. X-TREME READY MIX, INC.**
**Motion No.  005**

**Page 2 of 5**

[* 2]

2 of 5

oral argument on the Plaintiff's summary judgment motion, the Court had the following exchange with counsel to Essex concerning Mr. Falco's liability under the Original Guaranty:

> THE COURT: I'm going to look at whether or not the issue you're now raising, which is whether or not the personal guarantee in the original document, would have covered [these] future obligations. It strikes me, if it does, then why did you ask for the continuing guarantee in the first place?
>
> MR. MAGALIFF: I don't know.

(NYSCEF Doc. No. 67, at 21:3-9).

Mr. Falco alleges that Mr. Magaliff, counsel for Essex, misled the Court in replying "I don't know," but provides no evidence whatsoever to demonstrate that Mr. Magaliff knew why X-Treme issued the Continuing Guaranty such that Mr. Magaliff can be said to have "acted with knowledge that [his] representations to the court were false" when made (*People by James v Vdare Found., Inc.*, 2024 NY Slip Op 02383 [1st Dept May 2, 2024]). Importantly, Mr. Falco admitted on the record and in his appeal brief to the First Department that the Original Guaranty was binding on him personally when signed, and argued against his personal liability pursuant to the Original Guaranty only on the ground that it was later revoked by Essex (NYSCEF Doc. No. 67, at 22:5-16; *Essex Cement Company, LLC v. X-Treme Ready Mix, Inc. et al.*, No. 2020-02424 [1st Dept 2021], NYSCEF Doc. No. 4., p. 7). This Court and the Appellate Division disagreed with Mr. Falco's contention that the Original Guaranty had been revoked. Thus, Mr. Falco's allegation in connection with this motion that Mr. Magaliff perpetrated a fraud on the Court in that he should have admitted that the Original Guaranty was never binding on Mr. Falco, when Mr. Falco himself twice conceded that it was, is belied by Mr. Falco's own admissions. This reason alone is sufficient to deny the motion.

INDEX NO. 655507/2018

RECEIVED NYSCEF: 05/24/2024

Second, even were this obviously innocuous response at oral argument where Mr. Magaliff may have forgotten that the complaint indicated as a basis for liability against Mr. Falco the Continuing Guaranty a so-called "misrepresentation," the reason why X-Treme chose to issue the Continuing Guaranty was irrelevant to this Court's holding in the Prior Decision. To vacate an order or judgment pursuant to CPLR 5015(a)(3), the movant must demonstrate that the order or judgment was obtained "*through* fraud, misrepresentation, or other misconduct" (*Kowal v JackFromBrooklyn Inc.*, 183 AD3d 407, 408 [1st Dept 2020] [emphasis added]; *see also DLJ Mortg. Capital, Inc. v Kontogiannis*, 128 AD3d 606, 607 [1st Dept 2015] ["[I]n any event, the judgments were not procured by [the plaintiff's] fraud, misrepresentation, or other misconduct."]). The basis or reason for requesting the Continuing Guaranty played no part whatsoever in Essex obtaining the Judgment it obtained pursuant to the Prior Decision.

Finally, the motion is untimely. A motion to vacate pursuant to CPLR 5015(a)(3) must be brought within a reasonable time (*Mark v Lenfest*, 80 AD3d 426, 426 [1st Dept 2011]). As set forth above, the Prior Decision and Judgment were entered in March 2020. The basis for Mr. Falco's motion is a statement made by opposing counsel on the record on March 10, 2020 – some over four years ago. This is not a reasonable time. Thus, putting aside the other fatal defects, the motion must be denied on this ground as well.

In other words, at bottom, this motion is nothing more than an attempt to relitigate this Court's Prior Decision, entered more than four years ago and unanimously affirmed by the Appellate Division. This is not grounds for vacatur. Thus, the motion is DENIED.

**655507/2018   ESSEX CEMENT COMPANY, LLC vs. X-TREME READY MIX, INC.**
**Motion No.  005**

20240524123841AB0RR0K799B6003B171D9DE853AB34E279F3D11

| 5/24/2024 | | | | | ANDREW BORROK, J.S.C. | |
| --- | --- | --- | --- | --- | --- | --- |
| DATE | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

655507/2018   ESSEX CEMENT COMPANY, LLC vs. X-TREME READY MIX, INC.

Page 5 of 5

Motion No.  005

5 of 5