WILBER v. WILBER et al.

(Supreme Court, Appellate Division, Third Department. May 8, 1907.)

JUDICIAL SALE—CONFIRMATION—RIGHTS OF PURCHASER.

Where a receiver's sale was fairly advertised, personal notice thereof given all creditors who had filed claims, several bidders were present at the sale, there was some competition, and a fair sale was made at $1,205 in full compliance with the court's order, it should have been confirmed, though a written offer was made to bid $2,000 if the property should be resold; inadequacy of price, unaccompanied by other circumstances, and insufficiency of assets to pay the creditors, being insufficient to justify a refusal to confirm.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Judicial Sales, § 64.]

2. SAME—MISTAKE—RESALE.

It is improper for a court to order a resale of land on the ground that through alleged mistake a proposed purchaser, who offers to bid more than the land sold for, was prevented from attending the sale, where no

proof of mistake is made, and he does not present an affidavit from which the court may determine whether the claim of mistake is well-founded and excusable.

Appeal from Special Term, Ulster County.

Action by Rufus R. Wilber against Clara D. Wilber, administratrix of Samuel G. Wilber, deceased. From an order resettling an order refusing confirmation of a sale of real estate and directing a resale, and from the resettled order, the purchaser, James Wihchell, appeals. Reversed, and motion to confirm sale granted.

On October 8, 1906, the receiver in this action for a partnership dissolution and accounting sold at public auction real estate of such partnership to James Winchell, the appellant, for the sum of $1,205. Such sale was made pursuant to a former order of the court. The property had been fairly advertised, as required by said order. Notice of the sale had been personally given to all creditors, or their attorneys, who had filed claims with the receiver. A number of bidders were present at the sale, and there was some competition. On motion to confirm the receiver's report of sale there was presented a written offer of one Shultis to bid $2,000 for the said property in case a resale thereof should be ordered. It was also stated orally that said Shultis had been mistaken as to the date of the sale. It is also recited in the order appealed from that he was a creditor of the partnership, but he does not seem to have presented his claim to the receiver. An order was thereupon made on the 17th of November, 1906, refusing confirmation of such sale and directing a resale of the property. Such order recited the stipulation of Shultis to bid $2,000 for the said premises, but contained no recital of the reason of his failure to attend the former sale. From this order an appeal was taken, and the necessary papers were printed and served. Pending such appeal, and on January 5, 1907, on notice to all parties entitled thereto, an order was made resettling the order of November 17, 1906, so as to have it contain a recital that said Shultis did not attend the sale of the premises on October 8, 1906, and was not represented at such sale, for the reason that he understood and believed that such sale was to take place October 15, 1906, and that, had it not been for such mistake on his part, he would have attended the sale and bid $2,000 for the property. From this order of January 5, 1907, and from the order of November 17, 1906, as thus resettled, the purchaser appeals, and it is this appeal which is now before the court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John G. Van Etten, for appellant.
Milton O. Auchmoody and Charles D. Deyo, for respondent Wurts.
William D. Brinnier, for respondent Wilber.

COCHRANE, J. It has long been settled in this state that inadequacy of price, unaccompanied by other circumstances, is an insufficient reason for a refusal to confirm a judicial sale. American Insurance Company v. Oakley, 9 Paige, 259; Brown v. Frost, 10 Paige, 243; Tripp v. Cook, 26 Wend. 143; March v. Ludlum, 3 Sandf. Ch. 35, 51; Howell v. Mills, 53 N. Y. 322, 326; Wesson v. Chapman, 76 Hun, 592, 28 N. Y. Supp. 192; Kellogg v. Howell, 62 Barb. 280; Le Fevre v. Laraway, 22 Barb. 167. There are no circumstances in this case which justify the court's refusal to confirm the sale to the appellant. Such sale was fairly made, in full compliance with the directions of the court, and after personal notice thereof to all the creditors who had presented their claims to the receiver.

Insufficiency of assets for the payment of the creditors constitutes

no reason for interfering with the sale. If that were so, a large proportion of judicial sales might be set aside. The creditors had ample opportunity to protect themselves. Had the purchaser made a hard bargain, he could not and should not for that reason be relieved therefrom. The converse of the proposition is also true. If he has made a good bargain, he is entitled thereto, in the absence of unfairness. There is also, in a case like this, a question of ethics involved. The receiver, in making this sale, represented the court, and the court cannot tolerate the idea that its representative should repudiate a bargain merely for the mercenary consideration of a subsequent opportunity for a better bargain.

The mistake of the proposed purchaser, Shultis, is offered as a reason for the resale. No proof of such mistake has ever been made. He is the only person who knows whether or not he made a mistake, and his affidavit should have been presented, that the court might determine whether the claim of mistake was well-founded and excusable. The recital in the resettled order as to his mistake is entirely unsupported by evidence. Furthermore, relief because of mistake is only granted to the mistaken party, and Shultis is not asking for relief because of his mistake, and is not even a party to this motion, save as his interest as a creditor, in common with the interests of the other creditors, is represented by the receiver.

The order must be reversed, with $10 costs and disbursements, and the motion to confirm the sale granted, without costs. All concur; KELLOGG, J., in result.