■ CHEMICAL BANK, Appellant, v ERIC KUPPERSTOCK et al., Defendants, and TERRY MATIAS, Respondent. [670 NYS2d 66] —Order (denominated order and judgment), Supreme Court, New York County (William McCooe, J.), entered on or about June 21, 1996, which denied plaintiff mortgagee's motion to set aside a foreclosure sale, unanimously affirmed, with costs.

Plaintiff seeks to set aside the sale on the ground that it mistakenly instructed its bidder to stop bidding at $110,000 instead of $210,000, the latter figure being the fair market value of the property submitted by plaintiff's appraiser, which was some $15,000 less than the total debt due at the time of the sale. The IAS Court, relying on Second Department authority that unilateral mistake is not a sufficient basis for setting aside a sale, at least where the winning bid is not so inadequate as to shock the court's conscience (*Crossland Mtge. Corp. v Frankel*, 192 AD2d 571, *lv denied* 82 NY2d 655), validated the sale, after assuming fair market value to fall "somewhere" between defendant winning bidder's $110,000 appraisal and plaintiff's $210,000 appraisal, and finding that the $110,000 winning bid was not unconscionable. We concur and reject plaintiff's argument that *Crossland* should not be followed (*but see, Burge v Fidelity Bond & Mtge. Co.*, 648 A2d 414 [Del Sup Ct]). It is well settled that inadequacy of price is not a ground for vacating an otherwise regular sale (*Guardian Loan Co. v Early*, 47 NY2d 515, 521), and we see no reason for equitable intervention when the inadequacy is due to a unilateral mistake on the part of the mortgagee relating to the fair market value of the property on which it is foreclosing. Plaintiff's alternative claim that the sale should be set aside because it did not give the mortgagors proper notice of the sale was properly rejected by the IAS Court on the ground of lack of standing. We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.