■ JUAN CARLOS MOLINA, Respondent, v JAMES CHLADEK, Appellant. JUAN CARLOS MOLINA, Respondent, v JAMES CHLADEK, Appellant. [34 NYS3d 429]—

Order, Supreme Court, New York County (Shirley W. Kornreich, J.), entered on or about November 6, 2014, which denied defendant's motion to vacate the default judgment entered against him, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 1, 2015, which granted the appointed receiver's motion for an order approving the sale of a broadcast license owned by defendant judgment debtor to satisfy the judgment, unanimously dismissed, without costs, as moot.

In 2006, plaintiff commenced this action against defendant seeking to recover commissions claimed to be due pursuant to a written agreement which provided that he would receive 40% of certain advertising and programming revenues he brought into defendant's business. In 2008, after entry of a default judgment as to liability and inquest, judgment in the amount

of over $2.4 million was entered against defendant. Defendant's previous motion to vacate based on excusable neglect was denied absent any showing of a reasonable excuse for his default.

Five years later, defendant moved to vacate on the grounds of newly discovered evidence showing fraud and misrepresentation (CPLR 5015 [a] [2], [3]), based on a purportedly "newly-discovered" commission agreement, which provided for a 10% commission. Aside from the fact that the newly-presented agreement appears on its face to reference a particular transaction, defendant's submission does not warrant relief under CPLR 5015 (a) (2) because he failed to explain why the letter agreement, which was addressed to him, "could not have been discovered previously by the exercise of due diligence" (*Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.*, 226 AD2d 102, 103 [1st Dept 1996]). Defendant has not offered any reasonable explanation for why he was not able to retrieve the proffered letter agreement until nearly five years after entry of the default judgment, or why he did not mention its existence in his initial motion to vacate. The evidence presented was also wholly insufficient to demonstrate fraud that would justify relief under CPLR 5015 (a) (3) (*see Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2d Dept 2005]; *Clapp v LeBoeuf, Lamb, Leiby & MacRae*, 286 AD2d 643, 644 [1st Dept 2001]). Moreover, defendant failed to move for such relief within a reasonable time (*see Matter of Angela P. v Floyd S.*, 103 AD3d 439, 440 [1st Dept 2013]; *Aames*, 24 AD3d at 475).

We dismiss as moot defendant's appeal from the order approving the sale of his broadcasting license, since the sale closed and the buyer assumed control of the broadcast station in September 2015. It is not feasible to unwind the purchase.

If we were to reach the merits, we would find that the motion court properly approved the sale, which had already been reduced to writing and executed, even though a better offer was subsequently received (*see Wilber v Wilber*, 119 App Div 740 [3d Dept 1907]; *State Realty & Mtge. Co. v Villaume*, 121 App Div 793, 795 [1st Dept 1907]; *see also Chemical Bank v Kupperstock*, 248 AD2d 145, 145 [1st Dept 1998]; *Guardian Loan Co. v Early*, 47 NY2d 515, 521 [1979]). There are also ethical considerations: "[t]he receiver in making this sale represented the court, and the court cannot tolerate the idea that its representative should repudiate a bargain merely for the mercenary consideration of a subsequent opportunity for a better bargain" (*Wilber*, 119 App Div at 742). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.