NRZ Pass-Through Trust IV v Rouge (2021 NY Slip Op 06095)





NRZ Pass-Through Trust IV v Rouge


2021 NY Slip Op 06095


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 810148/11 Appeal No. 14584 Case No. 2021-01158 

[*1]NRZ Pass-Through Trust IV, U.S. Bank National Association as Trustee, Plaintiff-Appellant,
v
Francoise Rouge, Defendant-Respondent, Board of Managers of the Allegro Condominium, et al., Defendants.


Friedman Vartolo LLP, New York (Richard O'Brien of counsel), for appellant.
Kathy A. Polias, Brooklyn, for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about February 9, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew or vacate an order granting defendant Francoise Rouge's motion to dismiss the action for lack of personal jurisdiction and to reargue an order denying its motion for an extension of time to serve defendant Rouge, and granted, upon reargument, defendant Rouge's motion for legal fees pursuant to Real Property Law § 282(1), unanimously affirmed, without costs.
Plaintiff's motion for leave to renew pursuant to CPLR 2221(e) was properly denied because the supposed "new facts" on which the renewal motion was primarily based was a notice of appearance that had been filed with the court four years earlier by defendant's prior attorney, who was suspended and then disbarred. Plaintiff offered no reasonable justification for why it failed to find and timely present this document, which was a matter of public record in the court file, in opposition to defendant's underlying motion to dismiss (see Estate of Castellone v JP Morgan Chase Bank, N.A., 129 AD3d 771, 772-773 [2d Dept 2015]; Howard v Stanger, 122 AD3d 1121 [3d Dept 2014]).
The motion to vacate the dismissal order was also properly denied. Vacatur was not appropriate pursuant to CPLR 5015(a)(2) because plaintiff was required to show how the notice of appearance could not have been discovered previously by the exercise of due diligence (see Molina v Chladek, 140 AD3d 523, 524 [1st Dept 2016]). Matters of public record are "generally not deemed new evidence" (Matter of Chatham Towers, Inc. v Bloomberg, 39 AD3d 308 [1st Dept 2007] [internal citation omitted]). Plaintiff also failed to establish the existence of fraud or misrepresentation which would warrant vacatur pursuant to CPLR 5015(a)(3), since the document was not concealed (see Torres v Torres, 171 AD3d 613, 614 [1st Dept 2019]).
No appeal lies from the portion of the order that denied plaintiff's motion for reargument (Menkes v Delikat, 148 AD3d 442, 442 [1st Dept 2017]). Thus, plaintiff's arguments related to its CPLR 306-b motion for an extension of time to serve defendant are not properly before this Court. Were we to consider this issue in the interest of justice, we would hold that the court did not abuse its discretion in denying the extension given plaintiff's lack of diligence in seeking leave to re-serve plaintiff.
Finally, given that the court had not previously ruled on defendant's motion for attorneys' fees pursuant to Real Property Law § 282(1), its grant of defendant's motion for leave to reargue her motion was proper (CPLR 2221[d]). So, too, was its determination that a hearing was warranted to ascertain the amount of legal fees (see e.g. Elizon Master Participation Trust I v Clarke (65 Misc 3d 1231[A] [Sup Ct, Queens County 2019]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE [*2]DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021