Schacter v Schacter (2022 NY Slip Op 03217)

Schacter v Schacter

2022 NY Slip Op 03217

Decided on May 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 

Index No. 311503/07 Appeal No. 15954 Case No. 2020-04133 

[*1]Ira J. Schacter, Plaintiff-Respondent,
v
Janice L. Schacter, Defendant-Appellant.

Janice Schacter Lintz, appellant pro se.
Lee Anav Chung White Kim Ruger & Richter LLP, New York (Judith White of counsel), for Ira Schacter, respondent.
Herrick, Feinstein LLP, New York (John P. Sheridan of counsel), for Yariv Ben-Ari, receiver-respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered October 16, 2020, which granted the court-appointed receiver's motion to approve the sale to plaintiff of certain real property, and denied pro se defendant's cross motion to remove plaintiff's counsel and her firm as plaintiff's counsel, to terminate the receiver from his position and sanction him and his former and current firms, ordering both firms to reimburse legal fees paid by defendant, to direct plaintiff to pay all past and future receiver fees, to direct plaintiff to pay 100% of the mortgage and maintenance costs on the property, to compel plaintiff to make all repairs to the property, including but not limited to replacing the garage, and to direct that the property be sold to defendant for $1 more than plaintiff's offer, unanimously affirmed, without costs.
In support of his motion to approve the sale to plaintiff of the subject real property, the receiver submitted a recent appraisal report performed by a court-approved appraiser that demonstrated that plaintiff made a bona fide offer higher than the property's fair market value and within the range of the sales prices of recently sold comparable properties. Defendant submitted no credible evidence to the contrary. The court properly rejected defendant's "counteroffer" made in opposition to the receiver's motion, as plaintiff's offer was fully financed, negotiated directly with the receiver, and reduced to a contract of sale presented to the court (see Molina v Chladek, 140 AD3d 523, 524 [1st Dept 2016]). Contrary to defendant's contention, plaintiff had neither the authority nor the obligation to repair the garage (see Schacter v Schacter, 160 AD3d 539, 540 [1st Dept 2018] [receiver was authorized to "ensure that any repairs deemed necessary by the broker were completed"]). There is also no credible evidence to support defendant's claim that the receiver breached his fiduciary duty or had a conflict of interest requiring his removal and relieving her of her responsibility to pay his fees, including his legal fees.
We agree with the motion court that plaintiff's counsel satisfied Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.12(d), so as to continue her representation of plaintiff, by giving written notice "promptly and reasonably," "implement[ing] effective screening procedures," and "giv[ing] written notice to the parties and any appropriate tribunal to enable it to ascertain compliance with the provisions of this Rule."
Defendant's remaining contentions are not properly before this Court, are academic in light of our determination, or are otherwise unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022