Kopsick v Town of Hempstead (2023 NY Slip Op 00853)

Kopsick v Town of Hempstead

2023 NY Slip Op 00853

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-03719
 (Index No. 600640/18)

[*1]Steven P. Kopsick, etc., et al., appellants,
v
Town of Hempstead, et al., defendants, Robert E. Wahlers, respondent.

Clark & Amadio, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellants.
James A. DeFelice, Commack, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered April 26, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Robert E. Wahlers which were (1) to vacate so much of an order of the same court dated May 3, 2019, as granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against him upon his failure to appear or answer the complaint, (2) to vacate a judgment of the same court entered November 18, 2019, insofar as it was entered against him upon his default in appearing or answering the complaint, and (3) for leave to serve a late answer, and, thereupon, enjoined the plaintiffs from enforcing those portions of the judgment against that defendant with respect to the disputed property.
ORDERED that the order entered April 26, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, and those branches of the motion of the defendant Robert E. Wahlers which were (1) to vacate so much the order dated May 3, 2019, as granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against him upon his failure to appear or answer the complaint, (2) to vacate the judgment insofar as it was entered against him upon his default in appearing or answering the complaint, and (3) for leave to serve a late answer are denied.
The plaintiffs are the owners of two parcels of real property located in the Town of Hempstead. They commenced this action in January 2018 seeking a judgment declaring that they own by adverse possession a strip of property known as Schweitzer Road (hereinafter the subject property) that runs between their properties. The subject property was a "paper" road that was never used as a roadway by the Town. The plaintiffs named, among others, the Town and an adjacent property owner, Robert E. Wahlers, as defendants. The Town was served with the summons and complaint on January 25, 2018, and Wahlers was served on February 3, 2018. The Town answered, but Wahlers did not. By order dated May 3, 2019, the Supreme Court, inter alia, granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against Wahlers. On October 25, 2019, the plaintiffs and the Town entered into a stipulation of settlement whereby the Town acknowledged that it had no right, title, or interest in the subject property. This stipulation [*2]was so-ordered by the court on November 12, 2019, and a judgment was entered on November 18, 2019, declaring the plaintiffs to be the owners in fee simple of the subject property.
On October 30, 2020, Wahlers filed a motion, inter alia, to vacate stated portions of the order dated May 3, 2019, and the judgment insofar as it was entered against him. Wahlers argued that the default judgment should be vacated due to excusable neglect (see CPLR 5015[a][1), due to fraud (see id. § 5015[a][3]), or in the exercise of the court's inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice. In an order entered April 26, 2021, the Supreme Court, among other things, exercised its inherent authority to vacate the judgment insofar as it was entered against Wahlers upon his default in the interest of substantial justice. The plaintiffs appeal.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). CPLR 5015(a) does not provide an exhaustive list as to when a judgment or order may be vacated, and in addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783). However, "[t]his discretion is reserved for 'unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891; see Kleynerman v MJGC Home Care, 153 AD3d 1246, 1247).
Here, the Supreme Court improvidently exercised its discretion in granting those branches of Wahlers's motion which were to vacate so much of the order and the judgment as was entered upon his default in appearing or answering the complaint. Contrary to Wahlers's contention, he failed to establish any basis upon which to vacate the order in the interest of substantial justice (see Countrywide Home Loans Servicing, L.P. v DiGiovanni, 205 AD3d 676; Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675). Wahlers did not dispute that he was served with the summons and complaint, and multiple follow-up mailings, including the plaintiffs' motion for leave to enter a default judgment, a copy of the notice of entry of the order dated May 3, 2019, granting that motion, a copy of the notice of entry of the so-ordered stipulation with the Town, and a copy of the notice of entry of the judgment, which was served on him in December 2019. Wahlers, who waited almost three years to move to vacate the default judgment, failed to set forth a reasonable excuse for his default and failed to demonstrate any additional basis upon which to vacate the default judgment in the interest of substantial justice, such as fraud, mistake, inadvertence, or surprise (see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1674-1675). Accordingly, the court improvidently exercised its discretion in determining that Wahlers's default should be vacated on this basis.
Since Wahlers failed to set forth a reasonable excuse for his failure to answer the complaint and to oppose the plaintiffs' motion for leave to enter a default judgment, he was not entitled to relief pursuant to CPLR 5015(a)(1) (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874; PennyMac Corp. v Sellitti, 193 AD3d 959; Dimopoulos v Caposella, 118 AD3d 739, 740), or pursuant to CPLR 5015(a)(3) on the basis of intrinsic fraud (see McCue v Trifera, LLC, 173 AD3d 1416, 1419; Bank of N.Y. Mellon Trust Co., N.A. v Ross, 170 AD3d 931, 932).
Accordingly, the Supreme Court should have denied those branches of Wahlers's motion which were for leave to vacate so much of the order dated May 3, 2019, as granted that branch of the plaintiffs' motion which was for leave to enter a default judgment against him, to vacate the judgment insofar as it was entered against him, and for leave to serve a late answer.
In light of the foregoing, we need not reach the parties' remaining contention.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court