**Wolman v Now Solutions, Inc.**

2024 NY Slip Op 30375(U)

February 2, 2024

Supreme Court, New York County

Docket Number: Index No. 651502/2017

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. DAVID B. COHEN** | PART 58 |
| *Justice* | |

---------------------------------------------------------------X

DEREK WOLMAN

                                    Plaintiff,

            - v -

NOW SOLUTIONS, INC.,

                                    Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651502/2017 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this breach of contract action, defendant moves, pursuant to CPLR 317, 5015(a)(1), and 5015(a)(3), to vacate this Court's prior order granting a default judgment against it.

## I. Factual and Procedural Background

In March 2017, plaintiff commenced this action against defendant after it allegedly defaulted on two promissory notes (NYSCEF Doc Nos. 1-2). Plaintiff moved (Seq. 001), pursuant to CPLR 3213, for summary judgment in lieu of a complaint, which was unopposed (Doc No. 2). By decision and order entered August 29, 2017, plaintiff's motion was granted on default and the Clerk was directed to enter a judgment against defendant for the sum of $282,299.40, with interest (Doc No. 10). Plaintiff then served defendant with notice of entry of the August 2017 order (Doc Nos. 11-12). That judgment was then entered by the Clerk on September 19, 2017 (Doc No. 15).

In October 2023, defendant moved by order to cause (Seq. 002) to vacate the default judgment against it pursuant to CPLR 5015(a)(4), arguing that this Court lacked jurisdiction to render the default judgment due to improper service (Doc Nos. 20-21). This Court declined to sign the order to show cause after finding, among other things, that defendant's "assertion of

[* 1]

improper service [wa]s controverted by the language in the relevant agreements between the parties which permits service of process by overnight delivery" (Doc No. 25).

Defendant now moves by order to show cause (Seq. 003) to, among other things, vacate the default judgment against it pursuant to CPLR 317, 5015(a)(1), and 5015(a)(3), and in the interest of justice. In support of its order to show cause, defendant submitted, among other things, an affidavit from Len Chermack, the current Chief Executive Officer (CEO) of Vertical Computer Systems, Inc. (Vertical), defendant's parent company, and stock transfer certificates indicating that plaintiff obtained eight million shares of stock in Vertical in November 2015. In opposition, plaintiff submitted, among other things, an affidavit from Richard Wade, defendant's former CEO, and filings Vertical submitted to the Securities and Exchange Commission (SEC) between March 2017 and Sept 2018.

### Affidavit of Len Chermack (Doc No. 30)

In his affidavit, Chermack explained that Wade was voted out by shareholders in October 2020, and Vertical later obtained a substantial judgment against Wade in federal court after asserting claims against him for breach of fiduciary duty, embezzlement, and fraud. Chermack reviewed defendant's business records and averred that defendant was never served with the initial pleadings in this matter, although he did not identify what specific records he reviewed and such records were not annexed to his affidavit. However, he speculated that if service was made, it was received by Wade or one of Wade's subordinates. Although he discussed receipt of the initial pleadings, he failed to mention whether defendant was served with notice of entry of the August 2017 order and the September 2017 judgment.

### Affidavit of Richard Wade (Doc No. 37)

651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Motion No. 003

Page 2 of 9

2 of 9

[* 2]

In his affidavit, Wade averred that he was defendant's CEO from 1999-2020 and handled the negotiation of the two promissory notes at issue in this action. He also indicated that, while CEO of defendant, he "personally received service of process in this action . . . on behalf of [defendant]" after it was commenced by plaintiff. Defendant allegedly chose not to respond at that time because Wade believed defendant had no defense to the action and plaintiff was owed the money sought.

### Vertical's Filings with the SEC (Doc No. 49)

In March 2017, June 2017, September 2017, March 2018, June 2018, and September 2018, Vertical submitted quarterly reports to the SEC as required by law. In all six of those filings, Vertical provided that:

> "On April 12, 2017, [defendant] was served with a Notice of Motion for Summary Judgment in Lieu of Complaint, which was filed by [plaintiff] in the Supreme Court of the State of New York in County of New York for failure to make outstanding payments on the outstanding balance due under [two promissory notes] . . . , both of which were issued by [defendant] to [plaintiff]."

In the filings from September 2017, March 2018, June 2018, and September 2018, Vertical also indicated that: "On September 8, 2017, the court awarded [plaintiff] a judgment in the amount of $282,299."

## II. Legal Analysis and Conclusions

### A. Vacatur Pursuant to CPLR 317

Defendant contends that it is entitled to vacatur of the default judgment pursuant to CPLR 317 because it never received notice of the initial pleadings in time to defend itself in this action and has a meritorious defense to plaintiff's claims. Plaintiff maintains in opposition that the statute is inapplicable because defendant waited more than six years after entry of the September 2017

651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Motion No. 003

Page 3 of 9

3 of 9

[* 3]

judgment to move to vacate, and was personally served, as evidenced by Wade's affidavit and Vertical's SEC filings.

Although a party who failed to appear in an action and was not served personally may defend themselves in the action within one year after obtaining knowledge of the default judgment, that party may not defend themselves if the default judgment was entered more than five years ago, regardless of knowledge of the judgment (*see* CPLR 317; *Olivaria v Lin & Son Realty Corp.*, 84 AD3d 423, 424-425 [1st Dept 2011]). Here, the default judgment was entered on September 19, 2017, meaning defendant's time to seek vacatur of the judgment expired in September 2022, over one year prior to the date of the instant order to show cause. Therefore, defendant cannot obtain vacatur under CPLR 317 (*see Anderson v GHI Auto Serv., Inc.*, 45 AD3d 512, 513 [2d Dept 2007] [finding defendant "barred from obtaining vacatur of the default judgment against him pursuant to CPLR 317" because "more than five years elapsed between the entry of the judgment in 1997 and the defendant's underlying motion in 2006"]).

### B. Vacatur Pursuant to CPLR 5015(a)(1)

Defendant contends that it is entitled to vacatur because it has a reasonable excuse for failing to appear and a meritorious defense to the action. Regarding its reasonable excuse, it maintains that it never received the pleadings. With respect to its meritorious defense, it contends that plaintiff committed professional misconduct by commencing this action while still serving as defendant's in-house counsel, and failed to properly account for shares of stock he received in his calculations, resulting in defendant suffering excessive penalties and interest in violation of criminal usury statutes.

Plaintiff maintains in opposition that defendant's motion is untimely, because it was made more than one year after defendant was served with notice of entry of the August 2017 order. He

**651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.**                    **Page 4 of 9**
**Motion No.  003**

4 of 9

also argues that defendant has no reasonable excuse because it failed to rebut the presumption created by plaintiff's affidavit of service, and that defendant has no meritorious defense to the action because Wade's affidavit dispels any allegations of fraud.

The plain language of CPLR 5015(a)(1) requires that a motion to vacate a default judgment based on reasonable excuse must be made "within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party." Here, defendant failed to move within that required timeframe. Plaintiff's affidavit of service, which creates a presumption of service (*see Astraea NYNY LLC v Ganley*, 214 AD3d 528, 528-529 [1st Dept 2023]), indicated that defendant was served with a copy of the August 2017 order by mail in September 2017 (Doc No. 12). Defendant, therefore, had until September 2018 to move to vacate. Yet, it waited until November 2023 to make the instant order to show cause—well outside the one-year window.

Defendant attempts to rebut the presumption of service by submitting Chermack's affidavit. However, the affidavit is insufficient to rebut the presumption for several reasons. First, the affidavit fails to address the question of whether defendant was served with notice of entry of the August 2017 order, Chermack only asserted that defendant never received the initial summons and CPLR 3213 motion. Second, that assertion of lack of service is directly contradicted by Vertical's SEC filings and Wade's affidavit. In its SEC filings, Vertical admitted that defendant was initially served in this action and aware of the September 2017 order. In Wade's affidavit, he averred that he received service on behalf of defendant, because he was defendant's CEO in 2017.

Third, and finally, Chermack's denial of service is conclusory and lacks any probative value. His affidavit contained a single, generalized reference to service of process and indicated that he concluded defendant was never served after reviewing "[b]usiness [r]ecords" maintained by defendant, yet he failed to identify, produce, or annex those records to his affidavit. "[W]here

651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Motion No. 003

Page 5 of 9

an affiant's knowledge is based on unidentified and unproduced records, the affidavit lacks any probative value" (*Residential Credit Solutions, Inc. v Gould*, 171 AD3d 638, 638-639 [1st Dept 2019]; *see Bank of N.Y. Mellon v Gordon*, 171 AD3d 197, 208-209 [2d Dept 2019] [finding affidavit of business employee lacked probative value because purported knowledge came from unidentified business records]).

Therefore, defendant "did not move within the statutorily prescribed one-year time limit and failed to present a valid excuse for [its] failure to do so," and its motion to vacate pursuant to CPLR 5015(a)(1) is denied (*Matter of Duval v Centerlight Health Sys., Inc*, 216 AD3d 529, 530 [1st Dept 2023] [internal quotation marks and citation omitted] [affirming denial of motion to vacate pursuant to CPLR 5015(a)(1) because movant failed to move within one year]).

Even assuming defendant's motion was timely, it fails to demonstrate that it had a reasonable excuse for its failure to appear in this action for the same reasons it failed to demonstrate a reasonable excuse for its delay in moving to vacate. Chermack's affidavit providing that defendant was never served with the initial summons and CPLR 3213 motion is conclusory, lacks probative value, and is contradicted by other pieces of evidence provided by plaintiff. Thus, defendant fails to provide a reasonable excuse for its default in opposing the initial CPLR 3213 motion, and its motion would be denied (*see U.S. Bank Trust N.A. v Rivera*, 187 AD3d 624, 625 [1st Dept 2020] [denying motion to vacate because defendant failed to proffer reasonable excuse for failing to answer pleadings]). "Since defendant failed to proffer a reasonable excuse for [its] default, this Court need not consider whether [it] demonstrated a potentially meritorious defense" (*id.*).

651502/2017   WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Page 6 of 9
Motion No.  003

6 of 9

### C. Vacatur Pursuant to CPLR 5015(a)(3)

Defendant contends that it is entitled to vacatur because plaintiff obtained the judgment through fraud and misrepresentation, based on his failure to disclose that he was defendant's in-house attorney at the time he commenced this action and his intentional omission of payments received through stock shares in calculating the amount he was owed. Plaintiff argues in opposition that defendant failed to demonstrate any fraud or misrepresentation occurred in the issuance of the judgment and, in any event, defendant's motion is untimely.

"Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3), a party is required to make the motion within a reasonable time" (*Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2d Dept 2005] [citations omitted]; *see Molina v Chladek*, 140 AD3d 523, 524 [1st Dept 2016]). Similar to the five-year period seen in CPLR 317, CPLR 5015(a)(3)'s period of reasonable time is measured from the date the judgment is entered, regardless of whether the defendant has knowledge of the judgment (*see Aames Capital Corp.*, 24 AD3d at 475 [calculating period of reasonable time beginning with date judgment was entered]).

As explained above, here, defendant waited over six years to move to vacate the default judgment against it. That substantial delay is sufficient to deny the motion for failure to be made within a reasonable time (*see Molina*, 140 AD3d at 524 [denying motion to vacate default judgment pursuant to CPLR 5015(a)(3) because defendant waited five years to move]; *Mark v Lenfest*, 80 AD3d 426, 426 [1st Dept 2011] [denying CPLR 5015(a)(3) motion for failure to move within a reasonable time where defendant waited over four years to move]; *Aames Capital Corp.*, 24 AD3d at 475 [similar]).

**651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.**
**Motion No. 003**

**Page 7 of 9**

### D. Vacatur Pursuant to the Interests of Justice

Defendant contends that it is entitled to vacatur pursuant to the interests of justice because plaintiff's conduct in obtaining the promissory notes, stock certificates, and commencing this action allegedly caused "the payment and receipt of usurious interest." Plaintiff argues in opposition that the instant matter does not contain any unique or unusual circumstances justifying vacating the judgment.

"In addition to the grounds specifically set forth in CPLR 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (*City of New York v OTR Media Group, Inc.*, 175 AD3d 1163, 1163 [1st Dept 2019] [internal quotation marks and citation omitted]). "However, this discretion is reserved for unique or unusual circumstances that warrant such action" (*Kopsick v Town of Hempstead*, 213 AD3d 830, 832 [2d Dept 2023] [internal quotation marks, brackets, and citations omitted]), and courts addressing this issue routinely emphasize that the interest of justice avenue should be a last resort (*see Long Is. Light. Co. v Century Indem. Co.*, 52 AD3d 383, 384 [1st Dept 2008]).

When a movant delays in seeking to vacate and fails to pursue "other available avenues of relief," vacatur is not warranted (*Countrywide Home Loans Servicing, L.P. v DiGiovanni*, 205 AD3d 676, 677 [2d Dept 2022] [affirming denial of vacatur in interest of justice because plaintiff waited more than four years to move to vacate and pursued no other options prior to moving]; *see Kopsick*, 213 AD3d at 832 [reversing grant of vacatur because defendant's roughly three-year delay in moving to vacate and lack of excuse for doing so was not in the interest of justice]). Here, defendant waited over six years to seek vacatur of the default judgment against it, offered no reasonable excuse for its delay in doing so, and failed to pursue other avenues of relief to challenge the judgment before making the instant order to show cause. Therefore, this case does not fall into

651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Motion No. 003

Page 8 of 9

8 of 9

[* 8]

the category of unique or unusual circumstances where vacatur is warranted in the interest of justice.

### E. *Defendant's Alternative Request to Compel Plaintiff to File a Satisfaction-Piece*

Defendant's contention that plaintiff should be compelled to file a satisfaction-piece since he "received remuneration in amount well above those called for under [the promissory notes at issue here]" is unavailing because defendant challenges the underlying calculations used to determine the amount identified in the August 2017 order, instead of asserting that payment was made after the September 2017 judgment was entered. CPLR 5020 pertains to payments made in satisfaction of a judgment *after* it has been entered, not payments made prior to entry (*see* CPLR 5020 [a]; Wanda Borges, Enforcing Judgments and Collecting Debts § 11:13 [West's NY Prac Series, Dec. 2023 update]; *H. D. I. Diamonds v Frederick Modell, Inc.*, 86 AD2d 561, 561 [1st Dept 1982]). Here, defendant does not assert that it made payments after the September 2017 judgment was entered, meaning no satisfaction-piece is required.

The parties remaining contentions are either meritless or need not be addressed given the findings set forth above.

Accordingly, it is hereby:

ORDERED that defendant NOW Solutions, Inc.'s motion to vacate the default judgment against it is denied.

_____2/2/2024_____
DATE

HON. DAVID B. COHEN
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

651502/2017  WOLMAN, DEREK vs. NOW SOLUTIONS, INC.
Motion No. 003

Page 9 of 9

[* 9]