Rivas v Palacios (2025 NY Slip Op 03215)

Rivas v Palacios

2025 NY Slip Op 03215

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-11564
 (Index No. 720527/19)

[*1]Rosendo Rivas, et al., appellants, 
v
Angel Palacios, etc., respondent.

Law Offices of Bruce Richardson, P.C., New York, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Laurentina S. McKetney Butler, J.), dated August 2, 2023. The order granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate a judgment of the same court entered January 11, 2023, which, upon an order of the same court (Frederick D.R. Sampson, J.) dated September 9, 2020, granting the plaintiffs' motion for leave to enter a default judgment, and upon an inquest on the issue of damages, was in favor of the plaintiffs and against the defendant in the total sum of $8,389,229.97.
ORDERED that the order dated August 2, 2023, is reversed, on the law and in the exercise of discretion, with costs, and that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate the judgment is denied.
In December 2019, the plaintiffs commenced this action, inter alia, to recover damages for fraud. The plaintiffs alleged, among other things, that the defendant induced the plaintiff Rosendo Rivas to purchase and renovate various investment properties, and to obtain financing to purchase those properties, based upon the defendant's misrepresentations that he would pay all expenses associated with the properties, which were not paid by the defendant.
According to an affidavit of service from the plaintiffs' process server, service was effected upon the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on January 9, 2020, to the defendant's brother at the defendant's residence, and by mailing a copy of the summons and complaint to that address. The defendant failed to timely answer the complaint or otherwise appear in the action. In May 2020, the plaintiffs moved for leave to enter a default judgment. The defendant did not oppose that motion. In an order dated September 9, 2020, the Supreme Court granted the plaintiffs' motion. On January 11, 2023, following an inquest on the issue of damages, the court entered a judgment in favor of the plaintiffs and against the defendant in the total sum of $8,389,229.97. Thereafter, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate the judgment. In an order dated August 2, 2023, the court granted that branch of the defendant's motion. The plaintiffs appeal.
"A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a potentially meritorious defense to the action" (Cerullo v City of New York, 230 AD3d 560, 561). Although "[t]he determination of what constitutes a reasonable excuse lies within the sound [*2]discretion of the motion court" (Ross v Emefieh, 227 AD3d 739, 740 [internal quotation marks omitted]), "a conclusory, undetailed, and unsubstantiated claim of law office failure or mere neglect does not amount to a reasonable excuse" (V. v Leo, 219 AD3d 961, 961-962).
Here, the defendant failed to demonstrate a reasonable excuse based upon his unsubstantiated assertion that he retained an attorney, Jorge Vasquez, to represent him in this action, who did not file an answer on his behalf because Vasquez was suspended from the practice of law (see Whitestone Constr. Corp. v Nova Cas. Co., 129 AD3d 832, 833). Vasquez was not suspended from the practice of law until September 16, 2020, more than eight months after service of the summons and complaint on January 9, 2020, and thus, Vasquez's suspension could not constitute a reasonable excuse for the defendant's default in answering the complaint (see Yaghmour v Mittal, 208 AD3d 1283, 1287). Further, the defendant's vague and unsubstantiated assertion that he did not discover the summons and complaint in his residence until "quite a while" after service was effected was insufficient to establish a reasonable excuse for the defendant's default (see Ross v Emefieh, 227 AD3d at 740). Since the defendant failed to demonstrate a reasonable excuse for his default, this Court need not consider whether he demonstrated the existence of any potentially meritorious defenses to the action (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950).
Further, "'[a]lthough the Supreme Court retains the inherent discretionary power to relieve a party from a judgment for sufficient reason and in the interest of substantial justice, this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect'" (Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, 875, quoting Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675). Here, the defendant failed to provide any evidence that the judgment was the result of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see id. at 876). Thus, the Supreme Court improvidently exercised its discretion in determining that the judgment should be vacated on this basis (see Kopsick v Town of Hempstead, 213 AD3d 830, 832).
The plaintiffs' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was, in effect, pursuant to CPLR 5015(a) to vacate the judgment.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court